IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LEIGH ANN YOUNGBLOOD-WEST, | * | |
| Plaintiff, | * | |
| vs. | * | |
| AFLAC INCORPORATED, DANIEL P. AMOS, WILLIAM LAFAYETTE AMOS, JR., CECIL CHEVES, and SAMUEL W. OATES, | * * * | CASE NO. 4:18-CV-83 (CDL) |
| Defendants. | * * | |

O R D E R

Plaintiff filed a motion to dissolve the preliminary injunction in this action (ECF No. 87). For the reasons explained in the remainder of this order, that motion is denied.

THE PRELIMINARY INJUNCTION

Plaintiff Leigh Ann Youngblood-West entered into two settlement agreements with Defendant William Lafayette Amos, Jr. ("Dr. Amos") in 1992 and 1993, respectively. These settlement agreements included confidentiality provisions which prohibited the parties to the agreements from disclosing the subject matter of the settlements. Notwithstanding the nondisclosure agreements, Youngblood-West's counsel disclosed the subject matter of the settlements in a demand letter to certain Defendants in the above captioned action. The demand letter included a proposed draft complaint that further disclosed the subject matter related to the

previous settlement agreements. After receiving the demand letter, Dr. Amos filed an action for breach of the nondisclosure agreements seeking damages and injunctive relief. *See* Compl., *Amos v. Youngblood-West*, No. 4:18-CV-68 (M.D. Ga. Apr. 16, 2018), ECF No. 2.[1]

After determining that Dr. Amos had demonstrated a substantial likelihood that the public disclosure of the draft complaint would violate the confidentiality provisions of the 1992 and/or 1993 settlement agreements, that Dr. Amos would suffer irreparable injury by the disclosure of the confidential information, and that the public interest would not be harmed by granting preliminary injunctive relief, the Court restrained Youngblood-West and her counsel as follows:

> A. [Youngblood-West], and any person acting on her behalf or in concert with her (including her current counsel), shall file under seal any document that relates to the subject matter of the draft Civil RICO Complaint, including, without limitation, the draft Civil RICO Complaint, any complaint similar to it, and any corresponding exhibits;[2]
>
> B. [Youngblood-West], and any person acting on her behalf or in concert with her (including her current counsel), shall not disseminate, disclose, or discuss publicly the subject matter of the draft Civil RICO Complaint or any other documents sealed and restricted

---

[1] The Court later consolidated Dr. Amos's action for breach of the non-disclosure agreements (4:18-CV-68) with the above captioned action (4:18-CV-83). *See* Order (Sept. 6, 2018), *Youngblood-West v. Aflac*, No. 4:18-CV-83 (M.D. Ga. Sept. 6, 2018), ECF No. 57.

[2] "Under seal," as used in the preliminary injunction, means that the filing must not be available to the public without prior permission from the Court or the government agency with whom the filing is made.

by this Court, except that [Youngblood-West] is not prohibited by this Order from reporting any crime to any law enforcement agency charged with investigating unlawful criminal conduct, and [Youngblood-West] is not prohibited from discussing these matters with her current counsel;

C. Access to [Dr. Amos's] Verified Complaint (including the Exhibits), [Dr. Amos's] Emergency Ex Parte Motion for a Temporary Restraining Order, and any further filings in this action shall be restricted such that the filings are only accessible by the parties to this action, their counsel of record, and court personnel.

Order (Apr. 16, 2018) at 3-4, *Amos*, No. 4:18-CV-68, ECF No. 3 ("Prelim. Inj.").

## DISCUSSION

As this litigation proceeded, the Court ruled that the nondisclosure agreements are enforceable. Order (Aug. 7, 2018) at 7-13, 15, *Amos*, No. 4:18-CV-68, ECF No. 19; Order (Oct. 22, 2018) at 33-41, *Youngblood-West*, No. 4:18-CV-83, ECF Nos. 88, 98. Therefore, Youngblood-West's contention that the preliminary injunction should be dissolved because the agreements are unenforceable is rejected. The Court's preliminary injunction simply requires Youngblood-West to keep her word, and it does so narrowly. As explained in previous rulings, her nondisclosure agreement is enforceable, does not violate her First Amendment

rights, and is not against public policy.[3]  Order (Aug. 7, 2018) at 7-13, *Amos*, No. 4:18-CV-68, ECF No. 19.

The Court does find it appropriate to address two new issues raised by Youngblood-West's counsel.  He suggests that the injunction prevents her from consulting other counsel regarding her claims.  The injunction specifically provides that she is not prohibited from discussing matters with her "current counsel." Prelim. Inj. at 4.  To the extent that Youngblood-West has interpreted this language to mean that she may only discuss her claims with her counsel of record in this action, Dimitry Joffe, the Court clarifies that she may discuss these matters with any lawyer who she has retained in good faith with regard to these claims to the extent that those discussions are covered by attorney client privilege and upon the condition that she provides such counsel with a copy of the preliminary injunction as well as today's order which would restrain any counsel who represents her from disseminating information in violation of the preliminary injunction.[4]

---

[3] The Court addressed her complaint that the preliminary injunction prevents her from communicating with the Securities and Exchange Commission in a separate order. *See* Order (Nov. 13, 2018), *Youngblood-West*, No. 4:18-CV-83, ECF No. 103.

[4] Youngblood-West also maintains that the preliminary injunction unreasonably restricts her right to engage in discovery in this litigation.  In light of the Court's dismissal of her claims at the pleading stage, this concern is now moot.  To the extent that she needs discovery to defend Dr. Amos's claim against her, she should file a motion specifying what discovery she seeks that is relevant to the defense of that claim.  At that point, the Court will determine whether

4

As to Youngblood-West's claim that the enforcement of her nondisclosure agreement restricts her ability to find employment, the Court observes that she voluntarily placed herself in this predicament by entering into the nondisclosure agreements. Moreover, the Court finds that the preliminary injunction will not work a significant hardship on Youngblood-West because there are ways for her to comply with both the preliminary injunction and an employer's reporting requirements. If a future employer asks her about her litigation history in a way that would require her to discuss her claims against Dr. Amos, then Youngblood-West could certainly respond that she had a claim against a doctor relating to conduct that happened over 25 years ago, that she settled the claims, and that she is bound by a nondisclosure agreement. As to her present claims in this action, Youngblood-West would not violate the preliminary injunction by providing her prospective employer with redacted copies of any of the orders entered in this action which have been filed on the public docket. Although Youngblood-West may wish to disclose more, she has agreed not to do so, and the Court has found her agreement enforceable.

For all of these reasons, Plaintiff's motion to dissolve the preliminary injunction (ECF No. 87) is denied.

---

the discovery requests seek relevant evidence and the extent to which she should be relieved from her obligations under the preliminary injunction to pursue discovery.

IT IS SO ORDERED, this 16th day of November, 2018.[5]

                                                  S/Clay D. Land

                                                  CLAY D. LAND
                                                  CHIEF U.S. DISTRICT COURT JUDGE
                                                  MIDDLE DISTRICT OF GEORGIA

---

[5] The Court finds that today's Order does not need to be redacted. The Clerk is directed to docket it with unrestricted access.