IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LEIGH ANN YOUNGBLOOD-WEST, | * | |
| Plaintiff, | * | |
| vs. | * | |
| AFLAC INCORPORATED, DANIEL P. AMOS, WILLIAM LAFAYETTE AMOS, JR., CECIL CHEVES, and SAMUEL W. OATES, | * | CASE NO. 4:18-CV-83 (CDL) |
| | * | |
| Defendants. | * | |
| | * | |

O R D E R

This action has now been whittled down to: (1) William Lafayette Amos Jr.'s ("Dr. Amos") claim for damages and permanent injunctive relief against Leigh Ann Youngblood-West for breach of the nondisclosure confidentiality provisions included in their settlement agreements; (2) AFLAC Incorporated ("Aflac") and Daniel P. Amos's motion for Rule 11 Sanctions against Youngblood-West's counsel (ECF Nos. 21, 49); and (3) Youngblood-West's motion for reasonable expenses against Aflac and Daniel P. Amos pursuant to Rule 11(c)(2) (ECF No. 56). The Court seeks to get the case in a posture for all of the remaining claims and motions to be decided expeditiously and finally in this forum, so that any aggrieved party has the opportunity to pursue an appeal without further delay. Accordingly, counsel are directed to confer in good faith within fourteen days of today in an attempt to reach agreement on

a proposed scheduling order that provides a plan for completing the litigation of the remaining claims and motions in this Court. Counsel for the parties shall provide the Court with a jointly proposed scheduling order by December 14, 2018. If the parties cannot agree on a scheduling order, counsel shall present a joint report by the due date for the scheduling order that describes the parties' differences. The Court provides the following guideposts to facilitate the presentation of a joint proposed scheduling order.

The Court intends to defer ruling on the pending motions for sanctions and expenses until a final decision has been made on Dr. Amos's breach of contract claim against Youngblood-West. With regard to the motions for sanctions and expenses, the Court contemplates not requiring any party to submit the *amount* of their claims for sanctions, expenses, and fees until after the Court issues an order on whether the recovery of sanctions, fees, and/or expenses is appropriate. It appears that the parties agree that the record is sufficiently developed for the Court to make a determination as to whether Rule 11 relief is appropriate. If the Court determines that Rule 11 relief is appropriate, the Court intends to require the prevailing party to submit evidence supporting the *amount* of the Rule 11 claim with an opportunity for the opposing party to conduct limited discovery to contest whether the *amount* sought is reasonable and appropriate.

2

As to Dr. Amos's remaining breach of contract claim against Youngblood-West, it is unclear whether in light of the Court's prior rulings the parties contend that genuine factual disputes exist on that claim that the factfinder must resolve, and if so, whether limited discovery is appropriate on that claim. Without suggesting how this claim will be resolved, the possible vehicles for deciding it appear to be as follows: (1) judgment on the pleadings; (2) summary judgment; (3) jury trial; or (4) bench trial/evidentiary hearing.

With these guideposts in mind, counsel for the parties shall confer in good faith in an effort to reach agreement on a final scheduling order as previously ordered hereinabove.

IT IS SO ORDERED, this 16th day of November, 2018.[1]

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] Nothing in this Order needs to be redacted. Accordingly, the Clerk is directed to docket it with unrestricted access.