IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| LEIGH ANN YOUNGBLOOD-WEST, | * | |
| Plaintiff, | * | |
| vs. | * | |
| AFLAC INCORPORATED, WILLIAM LAFAYETTE AMOS, JR., SAMUEL W. OATES, DANIEL P. AMOS, and CECIL CHEVES, | * | CASE NO. 4:18-CV-83 (CDL) |
| | * | |
| Defendants. | * | |
| | * | |

O R D E R

Defendant William Amos seeks "clarification" or "reconsideration" of the Court's previous order that denied Plaintiff's motion to send certain correspondence to the Securities and Exchange Commission (ECF No. 103). The undersigned works diligently to draft orders that are clear and understandable and not in need of clarification. Therefore, the present motion came as a surprise; but understanding that no one may fully escape from human fallibility, the undersigned reviewed its previous order with the attention of a legendary flyspecker. With much relief, that review revealed language as clear as a polished microscope lens. No clarification is necessary.

Dr. Amos also purports to seek reconsideration. But such relief is not available based upon a random changing of the mind. A legal standard exists to be applied, hopefully with some

1

reasonable degree of clarity. That standard authorizes reconsideration only when (1) there has been an intervening development or change in controlling law, (2) new evidence has been discovered, or (3) the Court made a clear error of law or fact. *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009); *see also* M.D. Ga. R. 7.6. Dr. Amos points to no intervening developments regarding the law or the evidence; and he does not suggest the Court made a clear error of law or fact, except of course, that matter of clarity. Accordingly, Dr. Amos is not entitled to reconsideration of the Court's clear order.

What Dr. Amos really wants is for the Court to sit atop Mr. Joffe's shoulder reminding him whenever the occasion arises that he must follow the rules of conduct that govern all licensed lawyers who are provided with the privilege of practicing law in this Court. Any competent lawyer would understand the Court's previous order. Any ethical lawyer would not seek to violate it. And any lawyer who does not want to be sanctioned would seek leave of court if he thought he could be at risk of crossing the line. That should be enough.

Dr. Amos's motion is denied.

The Court finds that this order does not need to be redacted, and the Clerk shall docket it such that access to it is not restricted.

IT IS SO ORDERED, this 19th day of December, 2018.

                                        S/Clay D. Land
                                        CLAY D. LAND
                                        CHIEF U.S. DISTRICT COURT JUDGE
                                        MIDDLE DISTRICT OF GEORGIA